UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Civil Action No. 13-182-HRW

LEANN PHILLIPS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

LARRY C. CURTIS, II and
CITY OF GEORGETOWN, KENTUCKY, DEFENDANTS.

This matter is before the Court upon Defendant Larry C. Curtis, III and City of Georgetown, Kentucky's Motion to Dismiss [Docket No. 25]. The matter has been fully briefed by the parties [Docket Nos. 25-2, 26 and 28]. For the reasons set forth herein, the Court finds that Plaintiff LeAnn Phillips' Complaint fails to state a claim upon which relief can be granted and, therefore, this matter will be dismissed.

I.

On May 12, 2012, Officers Larry Curtis, Brandon White and Jason Christopher of the Georgetown, Kentucky Police Department responded to a domestic disturbance involving LeAnn Phillips and her boyfriend. At some point, Ms. Phillips attempted to flee the scene and, while doing so, attempted to run over Officer Curtis. In response to her conduct, Officer Curtis fired his weapon, striking Ms. Phillips.

On July 6, 2012, a Scott County Grand Jury indicted Ms. Phillips on three counts of Wanton Endangerment in the First Degree under KRS 508.060. The Indictment, which was signed by the foreperson of the Grand Jury indicating a true bill, provides:

Count I: That on or about the 21st day of May, 2012, in Scott County, Kentucky, [LeAnn Phillips] committed the offense of Wanton Endangerment, First Degree, when she, under circumstances manifesting an extreme indifference to the value of human life, drove her vehicle toward Officer Larry Curtis of the Georgetown Police Department, subjecting him to a substantial danger of death or serious physical injury.

Count II: That on or about the 21st day of May, 2012, in Scott County, Kentucky, [LeAnn Phillips] committed the offense of Wanton Endangerment, First Degree, when she, under circumstances manifesting an extreme indifference to the value of human life, drove her vehicle toward Officer Brandon White of the Georgetown Police Department, subjecting him to a substantial danger of death or serious physical injury.

Count III: That on or about the 21st day of May, 2012, in Scott County, Kentucky, [LeAnn Phillips] committed the offense of Wanton Endangerment, First Degree, when she, under circumstances manifesting an extreme indifference to the value of human life, drove her vehicle toward Officer Jason Christopher of the Georgetown Police Department, subjecting him to a substantial danger of death or serious physical injury.

[Indictment, *Commonwealth of Kentucky v. LeAnn Phillips*, Scott County Circuit Court, Criminal Action 12-CR-00137, Docket No. 25-3].

On February 2, 2018, Plaintiff LeAnn Phillips pled guilty to Count I of the Indictment.

The Judgment and Sentence on Plea of Guilty provides as follows:

Defendant is **GUILTY** of the following charge(s)(include applicable UOR Code): CT 1 UOR: 13221 WANTON ENDANGERMENT 1ST DEG. (POLICE OFFICER) SENT: 1 YEAR PROB 5 YEARS

[Docket No. 25-4](emphasis in original).

Following the Indictment but prior to her plea, LeAnn Phillips filed this civil action in the Circuit Court of Scott County against Officer Curtis and the City of Georgetown, Kentucky, alleging excessive force under 42 U.S.C. § 1983, as well for violations of her rights under Kentucky Law. [Complaint, Docket No. 1-1]. The Complaint fails to specify which Kentucky

2

torts are being referenced but alleges that Curtis's conduct was negligent, reckless, wanton, and/or intentional, and thereby violated Plaintiff's rights under Kentucky tort law. Plaintiff claims the City of Georgetown was negligent, reckless, wanton, and/or acted intentionally with deliberate indifference in its duties to train and/or supervise Officer Curtis as well as a vicarious liability under Kentucky tort law.

The Defendants removed this action to U.S. District Court, and the action has languished for approximately five years, while the Plaintiff challenged the charges of wanton endangerment.

Defendants seek dismissal of all claims against them, pursuant to Fed.R.Civ.Proc. 12(b)(6), arguing that Plaintiff's plea of guilty bars her claims against them as a matter of law. The Court agrees.

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). A complaint need not contain "detailed factual allegations". However, it must allege more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

3

## III.

Defendants argue that Plaintiff's excessive force claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), wherein the United States Supreme Court held that Section 1983 plaintiffs are barred from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence.

The Sixth Circuit addressed the scope of *Heck* in the oft-cited case of *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir.2005). In *Cummings*, plaintiff filed a civil rights claim against police officers for the use of excessive force under Section 1983. Before his federal claim was filed, plaintiff pled no contest in state court to assault on one officer during the course of the same struggle that formed the basis of his Section 1983 claim. The Sixth Circuit held that *Heck* precluded the excessive force claim because it was "inextricably intertwined" with his assault conviction and because plaintiff could have raised the excessive force claim as a defense in his criminal proceedings, but instead chose not to contest the charge. *Id.* at 683.

This Court sees no meaningful difference between the present matter and the facts of Cummings. Plaintiff here pled guilty to wanton endangerment stemming from her altercation with law enforcement officers, which forms the basis of her Section 1983 claims. Those claims are "inextricably intertwined" with her conviction and therefore barred by *Heck*.

Moreover, Plaintiff's claim of excessive force would necessarily imply the invalidity of her conviction for Wanton Endangerment in the first degree. In order to prevail on the excessive force claim, the Plaintiff must prove that the officer's decision to shoot her was objectively unreasonable. *See, e.g. Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir.2002). She cannot. Her conviction precludes any argument that she did not physically threaten Officer Curtis, thereby

4

precluding any argument that he acted unreasonably. Nor can she maintain that she acted in self-defense. Self-defense is justification under Kentucky law, would call into question the validity of her conviction as it would justify her conduct under Wanton Endangerment, and is accordingly barred by *Heck*.

Plaintiff contends that *Heck* does not prevent her from pursuing this civil action because her guilty plea was an *Alford* plea[1] and, according to Plaintiff, is exempt from the *Heck* doctrine. She is mistaken. For purposes of Heck, an Alford plea is a plea of guilty that constitutes a criminal conviction. See United States v. McMurray, 653 F.3d 367, 381 (6th Cir. 2011) ("For a conviction resulting from an Alford-type guilty plea, the defendant has necessarily admitted to the elements of the charge but not necessarily the underlying factual basis (internal quotation marks and citation omitted)); United States v. Tunning, 69 F.3d 107, 111 (6th Cir. 1995) ("We hold today that there is no difference in the requirements of Fed.R.Crim.P. 11(f) for a defendant who pleads guilty and admits to acts constituting the crime and a defendant who pleads guilty but who either 1) affirmatively protests his innocence or 2) refuses to admit to acts constituting the crime; that is, either of the two possible Alford-type guilty pleas.").

Indeed, in circumstances strikingly similar to those before this Court, an *Alford* plea was held not to bar application of *Heck*. See *Thomason v. Harris*, No. 3:05-CV-161-H, 2006 WL 1549003, at * 2 (W.D. Ky. June 2, 2006) (finding excessive force claim *Heck*-barred and noting that the entry of an "*Alford* plea" was a criminal conviction); *Calixte v. Briggs*, No. 3:10-cv-

---

[1] "The entry of a guilty plea under the Alford doctrine carries the same consequences as a standard plea of guilty. By entering such a plea, a defendant may be able to avoid formally admitting guilt at the time of sentencing, but he nonetheless consents to being treated as if he were guilty with no assurances to the contrary." *Wilfong*, 175 S.W.3d at 102. "An *Alford* plea is a 'plea of guilty' regardless of any denial of underlying facts, and clearly constitutes a criminal conviction." *Pettiway v. Commonwealth*, 860 S.W.2d 766, 766 (Ky. 1993).

2838, 2011 WL 4732852, at *1-2 (N.D. Ohio Oct. 5, 2011) (finding the plaintiff's § 1983 excessive force claims *Heck*-barred where could have raised the assault as a defense and instead entered an *Alford* plea to assault).

Plaintiff pled guilty to to "dr[iving] her vehicle toward Officer Larry Curtis of the Georgetown Police Department, subjecting him to a substantial danger of death of serious physical injury. She cannot now claim that he used excessive force. As Defendants state, "that bell cannot be unrung." As *Heck* is dispositive, and fatal, the Court declines to address the remaining state law claims.

### IV.

Plaintiff's Complaint fails to state a claim upon which relief may be granted, Accordingly, **IT IS HEREBY ORDERED** that Defendant Larry C. Curtis, III and City of Georgetown, Kentucky's Motion to Dismiss [Docket No. 25] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICE**.

This 15th day of June, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**