UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Civil Action No. 13-182-HRW

**LEANN PHILLIPS,**                                                  **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**LARRY C. CURTIS, II and**
**CITY OF GEORGETOWN, KENTUCKY,**               **DEFENDANTS.**

This matter is before the Court upon Plaintiff's Motion to Alter or Amend Under FRCP 59(e) [Docket No. 31]. For the reasons set forth herein, the Court will overrule the motion.

**I.**

On May 17, 2013, LeAnn Phillips filed this action in state court against the City of Georgetown, Kentucky, and former Georgetown Police Officer Larry C. Curtis. She alleged negligence, unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, a reckless or intentional violation of Kentucky tort law, negligent supervision, and failure to train. The Defendants removed the case to this court, where it languished for five years pending resolution of appurtenant criminal charges against Plaintiff in Scott County. Defendants filed a motion to dismiss on March 2, 2018. By Memorandum Opinion and Order dated June 15, 2018, the Court granted the Defendants' Motion to Dismiss. Plaintiff asks this Court to revisit and reverse its prior ruling.

**II.**

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the judgment." Fed.R.Civ.Proc. 59(e). The Federal Rules of Civil Procedure do not contemplate motions to reconsider; however motions filed under Rule 59(e) are considered in that vein. The standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

**III.**

This Court finds that none of these reasons are presented by Plaintiff. She does not offer any new fact or law on which the Court may find reconsideration appropriate. Nor is there manifest injustice which must be corrected in this record.

In her motion, Plaintiff simply reiterates arguments she made in her response to Defendants' dispositive motion. Those arguments were considered, and rejected, by this Court. She cites no change in the law or new evidence.

Although Plaintiff cites a case not presented in her original brief, *Settles v. McKinney*, 2013 WL 5346503 (W.D. Ky. 2013), this case is not "new" as it was decided almost five years prior to the entry of Judgment in this case. Moreover, Plaintiff's attempt to rely upon that case is of no moment; the facts of that case are inapposite and bear no relevance to this case. The *Settles* court never addressed the issue of whether, under the *Heck* doctrine, a conviction for Wanton Endangerment precludes a §1983 excessive force claim, the gravamen of this case. Rather, in

*Settles*, the court only considered the plaintiff's conviction for resisting arrest as a bar to an claim of excessive force. In Kentucky, resisting arrest is a Class A misdemeanor and merely requires an individual use or threaten use of physical force against an officer making a lawful arrest. Excessive force is an affirmative defense to a charge of unlawful arrest. A favorable judgment on a claim of excessive force could provide a defense to resisting resist, thereby preserving a §1983 claim. *Id.* By contrast, wanton endangerment involves an extreme indifference to human life. KRS 508.060(1) and one cannot claim self-defense without invalidating a conviction for the same. As such, *Settles* does not provide the proper basis for reconsideration.

### IV.

A plaintiff cannot use a Rule 59 motion "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Yet, this is what Plaintiff seeks. This is insufficient for this Court to disturb its original ruling.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Under FRCP 59(e) [Docket No. 31] be **OVERRULED**.

This 20th day of July, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge